Good morning. We have four appeals that are scheduled for oral argument this morning. The first is the United States of America v. Muhammed Al-Azhari. Melissa Fussell is here for Appellate. Al-Azhari Ali Gershaw is here for the United States. And Ms. Fussell, you may begin. May it please the court, this court should hold that Mr. Al-Azhari has standing to seek and the district court has ancillary jurisdiction to enter an injunction preventing the disposal of evidence in this in a pending criminal case. This court does not have to wade into the murky waters of forfeiture jurisprudence to make a decision on this. The questions before it are simple. First, whether the district court has jurisdiction to order the government to refrain from disposing of evidence in a criminal case, and second, whether a criminal defendant has standing to ask it to do so. I'm not sure I understand why you need an injunction. First of all, the government has made a representation to the court that it's not going to dispose of property until after the case is over. So if he's acquitted, based on the government's representation, he gets his property back, right? Respectfully, Your Honor, no. The government has only said that it has no present intention of disposing the property. Below, it actually made the representation that it had no control over what the FBI did with the property and when it disposed of it. So Mr. Al-Azhari has no guarantee that he would get the property back if he was acquitted. In fact, the government has said that he would not. In fact, the intention of this administrative forfeiture is to deprive Mr. Al-Azhari of the property, regardless of what happens at the conclusion of the criminal case, because he did not make a claim and waive his Fifth Amendment right. Mr. Al-Azhari here suffered an injury that is concrete and particularized. It's fairly traceable to the government's conduct, and it's redressable. First, he has an injury because every violation of a constitutional right causes an injury for Article III standing. Let me see if I understand this correctly now. It's a preliminary forfeiture, right? It's a preliminary forfeiture. It's an administrative forfeiture, Your Honor. Administrative, and it is preliminary though, right? Your Honor, it's not exactly the same as a preliminary civil forfeiture, which I think that you might be referring to. So the administrative forfeiture process essentially works like the government takes the property, and then if the person who has an interest in the property does not file a claim, it's permanently the government's. Okay, so you say it's an administrative forfeiture, and so tell us why we're not bound by our precedent in the United States v. Amadeo that a preliminary forfeiture, which is final as to a criminal proceeding, extinguishes all interest in the property. So he can't claim standing to assert an interest in property that's already been forfeited. Yes, Your Honor. So Amadeo isn't binding here, first of all, because Amadeo was reviewing a forfeiture proceeding, and this situation is not. We are not asking for review of the forfeiture. We are asking instead for an order for the district court, finding that the district court had jurisdiction to enter an injunction preventing the disposal of evidence in the criminal case. So we are not seeking a review of the forfeiture proceeding. This is not an appeal of the forfeiture proceeding. Rather, we are only making this request with respect to the property that's evidence in a criminal case. But you are, in fact, seeking to undo the forfeiture because you're asking for the property back after the trial. Is that right or not? No, Your Honor. We are not asking for the property back. All we are asking is that the district court, that this court remand to the district court so that it can make a finding whether or not it should enjoin the destruction of evidence in the criminal case. So... Well, how... Okay. Then, first of all, going back to Judge Wilson's question, the government says it won't dispose of the evidence pending the criminal trial. The government, respectfully, Your Honor, the government says that it has no present intention of doing so and made the representation to the district court that it could not commit to the FBI not disposing of evidence, of this evidence. But then it still seems to me there's a disconnect between your injury and the relief you're seeking because you're saying your injury is being forced to make that Hobson's choice. Yes, Your Honor. But how does this injunction redress that problem? Yes, Your Honor. So that Hobson's choice is the injury. And if the government does dispose of the property, which, again, it has expressed to the district court that it cannot commit to not doing so, then Mr. Al-Azhari will be further injured. He will be prevented from ever seeking any path to the property's return, for example, of a pleb and action or some other alternative means. He has the right to... He has the right to somehow, to seek somehow a path to that property's return outside of the forfeiture proceedings. So this Court has been, or this Court and the Supreme Court has been very clear that sanctioning someone for protecting their Fifth Amendment rights is absolutely unacceptable. It's unconstitutional. But could he have made a claim in the forfeiture proceeding that the procedure requires me to come forward and violate my Fifth Amendment rights? So I trial, he could have come in the forfeiture proceeding. He didn't do anything in the forfeiture proceeding, right? Your Honor, while the forfeiture proceedings were ongoing, Mr. Al-Azhari did with the district court move to... No, I'm not talking about the district court. I'm talking about in the forfeiture proceeding. He could have made a claim there that said, I challenge the procedure here that makes me come forward. And I asked for this to be stayed until I had my criminal file. He could have done that. Respectfully, Your Honor, no, he could not have. At least based on the government's representations below, he would have had to swear under penalty of perjury that the property was his. And the only way to oppose the process of the forfeiture proceeding would be a total lack of notice. Right. He couldn't file a motion in limine to make any evidence with regard to his request to preserve his property inadmissible at the trial so that it would not violate his Fifth Amendment right? Well, Your the district court asked it to entering a protective order preventing the evidence from being used prior to the expiration of the forfeiture deadline. And second, the Supreme Court held in United States v. Manus that the defendant is not required to, at his peril, let the cat out of the bag and hope that the process goes the way it should and the evidence is excluded. So he doesn't have to waive his Fifth Amendment right in hopes that the district court will do the right thing and exclude it. Well, if the government, if the government, talking about other possible remedies, if the government destroyed evidence that's relevant to a criminal trial, wouldn't you have other remedies, such as going to district court and asking for an instruction, some other remedy to prevent the government from benefiting from that? Perhaps, Your Honor, yes, but it's not a requirement for Article III standing that this be the only remedy that Mr. Al-Azhari can seek. The sole question before this court is whether the district court had the ability to exercise its ancillary jurisdiction to make that decision. The district court made very clear that it wanted to grant some form of relief, that it that it wanted to protect Mr. Al-Azhari's rights and that it believed that Mr. Al-Azhari's constitutional rights have been violated. So that really is not the question before the court today. The question before the court today is solely whether the district court had jurisdiction, both because Mr. Al-Azhari had standing and because it had the power to dispose of evidence in criminal cases. That's the only question here, whether the district court had that ability. So you're saying ability, the district court could just enter an order barring the government from destroying the property until the end of the trial. Correct. The district court did not believe. Because it's evidence. Yes, Your Honor. Did you make that representation to the court like here? Because you're saying your rights are violated. Have you come in and said it's his property in the district court? Your Honor, it's the government's property. We don't dispute that. However, yes, we did make the representation in the district court in the motion that we are now, motion for injunction that we are now appealing the order from, that it was evidence in the criminal case which empowered the government or which empowered the court. I asked a different question. In the district court, did you come in and say it is your client's property so they should not destroy it? Your Honor, yes, we did. So that kind of infringes your Fifth Amendment right there by having to come in and say it's your client's property. Respectfully, Your Honor, if an attorney makes a representation that the client has a colorable property interest, it's not the same as the client swearing under penalty of perjury that the property is his. Okay, but you've made a representation in the district court that your client has a colorable interest in the property. Yes, Your Honor. And you've asked the district court to enjoin the government from destroying it because you think it's evidence of trial or because you think it's your property or both? Your Honor, the reason that the district court has jurisdiction is because it is evidence. Okay. That's the only basis for its jurisdiction here? Yes. It just seems so unusual. This seems like such a simple matter to me that as a district court judge, you just tell the government don't destroy it. If something's possibly evidence, you don't go destroy it. It's mind-boggling to me this has gotten so wound up. The government can say, well, I don't know. I may or may not. Seems like you can say don't destroy evidence. Yes, Your Honor. I see my time has expired. May I brief you? Yes, sure. I agree, Your Honor, that it is a very simple question. And I'm not sure why the district court felt that it didn't have the ability to do that. But what we can see from their actions is the district court thought that his constitutional rights needed to be protected and knew what would protect them, but we believe mistakenly that it was unable to do so because it lacked jurisdiction. All right. Thank you, Ms. Fussell. Ms. Gershaw for the government. Good morning, Your Honor. May it please the court. The reason that the district court didn't enjoin the United States from disposing of property as evidence in this case is because Mr. Alessari did not ask for that. If you read his motion for the injunction, he says he notes that the property is being preserved as evidence and that it has not yet been disposed because the government needs it as evidence. But then what he said is you shouldn't join them from disposing of the to make a decision between. All right. Let's just cut to the chase. Will the government agree not to destroy it until the end of the case? I mean, have you offered that? Because after the case is over, if he's found guilty and it's used as evidence, that's one thing. If he's found guilty and he's never used his evidence, maybe that's another. I don't know. There are all kinds of So one more time, the government has agreed. As long as this property has evidentiary value, we will not destroy it. No, but does the property have evidentiary value? Okay. So all of the property in the issue has evidentiary value. The government stipulates that. Correct. In the exception, maybe it's some of the money that was seized. Well, where is the money? It's in the hospital and the mortgagor fund. But it's still there? It's still there. And, again, let me be clear. Was the property taken from his house, his person, his car? I couldn't figure that out. There were a variety of seizures. Some, he was arrested on state charges first for trying to bring a gun into a Home Depot, and then there were some seizures in connection with that arrest. Then he was arrested by the FBI for charges of planning a mass terrorism event, and there were more property. So I understand the weapons. How many guns we're talking about? One, two, three, or do you? I believe that it was two or three, and then there's stun guns, crossbows, knives, tactical vest, a face mask, drones, and they were seized at various points because there were some packages that were being delivered to him that his sister turned over to him. Right, okay. But whatever, all that property, is it identified in the record here? Do we know when we say the property, we know what that is, and the government agrees they will not destroy it after the trial? And the appeal, you got to have an appeal, too. Well, see, that's not what the government said before. She says what the government says, what the government has represented to the court is not that it will not destroy the property, but it doesn't intend to destroy the property, and the government could change its mind. Well, let me be clear, Your Honor. First off, in the record, when we said we didn't have control of what the FBI did, that was with respect to the administrative forfeiture claim. We don't have, once the FBI has administratively forfeited the property, the U.S. Attorney's Office lacks the ability to tell them what to do in terms of disposing of it. So right now, the property belongs to the government. But as long as it is needed for evidence in the case, we will not destroy it. And when we said we have no intention, I, you know, I want to be careful because as this court knows, every now and again, an accident happens and something gets misplaced or destroyed. But... So can the government change its mind? No, Your Honor. I mean, it could change its mind, but there's no reason to think that it would. This is evidence that Mr. Al-Azhari was planning to perpetrate a mass... I mean, you would think that district courts got plenary jurisdiction to tell the government, in the district court case, don't destroy any property that's been identified as potential evidence as long as there's some colorable claim that it's evidence. And this apparently has got more than a colorable claim. It was seized by the government. So, I mean, there's not like it's some property sitting out there. If this court wanted to remand to the district court... Yeah, just say you've got plenary jurisdiction to tell them don't destroy evidence for the trial. That solves it. As long as it is needed for evidence. What the United States doesn't want and what this court lacks, the district court would lack jurisdiction. Yeah, but who decides as long as it's needed for evidence? That then puts it back in the government control and it's not worth anything. But the court would lack jurisdiction to say you can never dispose of this property ever because it belongs to the government. And at some point, once it no longer has evidential value, the United States does intend to dispose of it and to set aside. And the court lacks jurisdiction to tell the United States that it can't ever dispose of it once it's no longer needed as evidence in the case, because that would be setting aside. Well, let's parse these words, needed as evidence. How about as long as it's items that could possibly be relevant evidence in the case? How about that? Would that work? As long as it is relevant evidence in the case? Okay, yeah. And first of all, I have no problem with that, but I do want to go back to the threshold issue. You do have a problem or you don't have a problem? I don't have a problem with it on the merits, but I do have a problem with it on the court's jurisdiction because there has to be standing before the court can do anything. And in order for there to be standing, there has to be. He's the defendant in the case. Why can't he ask for the evidence not to be, relevant evidence not to be? Because there has to be a real and immediate threat of future injury in order for there to be standing. And there is no real and immediate. I'm not talking about setting aside the civil forfeiture or the administrative forfeiture. I'm talking about I'm trying a case, and somebody says there's evidence, the government's destroyed, and why can't I just say, don't destroy the evidence, relevant evidence? I'm a defendant. It's my case. It's possible evidence. I fully understand that, but the point that I'm making is that there's no threat that the United States is going to do that. That would basically be like in every, there's rule 16 obligations. There's a representation that the United States has made that it's not going to destroy. There's no reason for the United States to destroy it. And because of that, there's no threat of this purported harm of us destroying evidence. And without that, in order for someone to have standing to seek injunctive relief, there has to be a real and immediate as opposed to a merely conjectural or hypothetical threat of future injury. Where is the future threat of injury that we are going to dispose of this property? There is none. Because again, we have a rule 16 obligation to keep it. This is the criminal case, right? We're in the criminal case. We're in the criminal case. Yes. So why can't you ask the court in a criminal case, this is not about standing. This is an ongoing criminal case. I don't know what standing's got to do with it. Is his, the evidence that may be relevant and maybe he wants to have it tested and show his Do anything other than ask the district court to say, direct the government not to destroy it. Because the government isn't going to destroy it and because there's no threat that the government's going to destroy it, so. So why can't you enter in a consent order that we're not going to destroy it? I would be, that would be fine, you know, provided again that the caveat once it is no longer evidence. So the way I understand your argument, at the conclusion of the case, while the jury is deliberating, before we have a verdict, the government, since the property belongs to the government now, the government can decide we're going to mine, right? It could do that, which is why, which is the very reason why she's asking for an injunction. Your Honor, that's not the reason that they're asking for this injunction. The reason they're asking for the injunction, let me read you from their motion, is an injunction against disposing of the property pursuant to the administrative proceeding will simply require the government to proceed against the property in the criminal case. The effect of such an order, therefore, is the same as the effect of Mr. Al-Azhari making a claim. The only difference being that Mr. Al-Azhari's Fifth Amendment privileges would be protected. So the reason he's asking for an injunction is in the event that he's acquitted, he wants his property back. Correct, and that will not happen. If he's acquitted, he doesn't get his property back? He does not, because it has already been administratively forfeited, and they are saying we are not seeking to set aside the administrative forfeiture. And so at that point... Well then, I mean... So that's why I'm a little... Property back, whether he's acquitted or convicted? I'm sorry? It doesn't matter whether he's acquitted or convicted. He's not getting his property back. Unless the court were to set aside the administrative forfeiture, and the only avenue to set aside an administrative forfeiture is through 18 U.S.C. 983, which allows only the challenge... That's not before us. That's for the district court to decide in the first instance. Correct. And that's what the district court decided in the first instance, because that's how it was presented to the district. So your position is that we're bound by United States v. Amadeo. He doesn't have an interest in the property right now because the property has already been administratively forfeited. The property doesn't belong to him anymore. The property now belongs to the government. So why does the government need to tell him, I'm not going to dispose of this property? Why does the government even need to say that? The government can say, well, we can dispose of the property anytime we want to. Except we can't as long as it's obviously needed as evidence. So you're not going to dispose of it, not for the purpose of protecting his interest in the property. You're not going to dispose of it because you want to use it as evidence against him at the trial. Correct. And so we have no problem with a remand to the district court for an entry of an order saying as long as it has evidentiary value, it can't be destroyed. We don't think that's necessary because we're not planning on doing it. And so I think there is a standing problem there. But our problem is that they're trying to seek to enjoin the disposal of the property after it no longer has evidentiary value in order to try to undo the administrative forfeiture proceeding. And that is what they cannot do. So under no scenario will we get his property back? Correct. And they have said that in their brief. They say we're not trying to set aside the administrative forfeiture. The property belongs to the FBI. And so going back to Amadeo, when they talk about standing and saying it's a question that somebody rudely says to someone, what is it to you? Why does Al-Azhari care what we do with the property once it's no longer evidence if he's not getting it back? What difference does it make if the FBI keeps it in the basement somewhere or destroys it? Once it's administratively forfeited, he no longer has an interest in it. That has happened. So the time for him to assert his interest in the property has already expired? Correct. Okay. And he didn't want to do that because the admission that he owns the property might be used against him in the criminal proceeding. Except for it wouldn't have been, Your Honor. And I would like to point out that they never asked. The United States had no intention to use it. That's what he didn't do. He should have asserted in the administrative proceeding his interest in the property and then asked for relief from the district court. And I would like to point out. Yeah, he could have asked the district court in Lemini not to allow that administrative proceeding to be evidence in this case. And it wouldn't be. It doesn't deal with the relevant conduct during the crime. It would have been inadmissible. It would have probably been reversible error to admit it. And it would have filed a suppression motion. There are many ways. But I just want to be clear. Mr. Alizari's counsel never asked the criminal prosecutor here if he intended to use these. If he had, we would have said no. We also didn't not agree to use the property at the first hearing. There's a little bit of confusion. I think Magistrate Judge Perselli was a little bit confused about the position we were taking. But if you read the transcript to Stock 216, what we were saying is we can't agree to a protective order now because the deadline to file the claims has already passed. And we can't extend the deadline to file the claims. So there's nothing to protect. But then they filed two additional motions to add property. And in response to both of those motions, we said we would agree to a protective order. And they never sought a protective order. They never took any steps to protect the Fifth Amendment rights. Why then does the indictment contain a forfeiture provision requiring that he forfeit property upon conviction? Because an administrative forfeiture and a criminal forfeiture can run in parallel. Because if somebody files a claim, then it has to be judicially forfeited. It has to be a criminal or civil procedure. So we include the information in the indictment. But then you'll notice that later on, I think Doc 118 and Doc 119, we filed a notice with the court that the property had now been administratively forfeited and we were no longer seeking to forfeit it in the criminal case. Could I ask you to clarify one thing? The government took the position in several places in the filings that the FBI has the property now and the government, the prosecution doesn't have any power over that property. But now you're saying you can make sure it's preserved for evidence. How does that work? I think because we were talking about it in the forfeiture context, not in the evidence context. Obviously, a criminal prosecutor has the ability to tell his agents, don't destroy this property. We need it as evidence. That's different than the forfeiture AUSA saying to the agency, you have to extend your deadline to file this claim or you have to dispose of the property to the defendant. Those are what we can't do. But certainly, the U.S. Attorney's Office has the power to tell the FBI not to dispose of the property while we need it for our case. If there's no further questions. Thank you, Ms. Gershaw. And Ms. Fussell, you have reserved some time for rebuttal. What do you have to say about the government's argument or representation that you're not going to get the property back anyway? Yes, Your Honor. That is what the government has maintained. It's something of a tangled web because the government also argues that our attempt here is to somehow set aside or overturn the forfeiture order. Those two things are mutually exclusive. If what we're doing would somehow constitute a review of the forfeiture procedure or an undoing of it, then it must be that Mr. Al-Azhari would get the property back. So they're simultaneously arguing that we were trying to undo the forfeiture. But we're asking you, do you agree you cannot get the property back now or do you disagree? Your Honor, we agree that procedurally we cannot seek a direct review of the administrative forfeiture proceeding, but we do not agree that there is no possible colorable path to property's return because there are other ways of getting property back rather than reviewing the administrative forfeiture. For example, a state court replevant action. So regardless of whether the government or a court right now thinks that a future property claim would have merit, that's not really the question. The non-existence of a cause of action cannot undo Mr. Al-Azhari's standing here. So the question is, could he seek relief? And the answer to that is yes. That's his future injury, continuing injury, if the government disposes of it. Seek relief for what? To get the property back or seek relief to have it preserved? Yes, Your Honor. Are you seeking relief as your standing argument that there's some potential state replevant action down the road we might do so don't destroy it? Are you seeking that relief here or are you seeking relief that you must preserve it for the criminal trial? Those are very two different things. Yes, Your Honor, they are different. The one, door number one or door number two or both? Door number one. Okay, so you're really not seeking it to preserve it. You want them to not destroy it so that you can go file a state repugnant action or some other remedy down the road. That's the reason, Your Honor, that Mr. Al-Azhari has standing. The reason the court has ancillary jurisdiction is because it's evidence in the criminal case. So the reasons for standing jurisdiction are often very different and that's okay. That's the way the system works. So Mr. Al-Azhari can have a redressable injury. I don't know how somebody, let's suppose it was a third party, how do they come in the criminal case and have standing to seek, I mean, file a repugnant action to don't destroy the, I just don't understand why it's standing in a criminal case. You can go file a civil case. Some people, actually, I've read these cases, they go file a civil case. You didn't do that. You just raised it in your criminal case. Yes, Your Honor, so separate question from whether or not there's other subject matter. Standing is a civil matter. You've got standing in a criminal case to raise what you want. We agree, Your Honor. And I think, really, the government here has conceded exactly what this appeal is about and that is all that we are asking for here is the limited question of a remand telling the district court that they have jurisdiction so that they can make the decision, so the district court can make the decision for themselves. There's no point sitting in the back saying you make a decision about whether they can go do a state repugnant action when the property has already been forfeited and you don't have a right and there's some universe that you might come up with a claim at some point, even though it's been an administrative forfeiture, that he gets the property back. It seems like getting the evidence, but you're saying that's not really what you want. Preserve it as evidence. You want an order that would keep them even past the trial. Your Honor, we want both. We want the evidence to be preserved because that's important to Mr. Al-Azhari. It is his criminal case, as you said. However, most of the discussion in the briefing was about the property interest. The government has kind of focused from the beginning and even below on the property interest or lack thereof. So, yes, Mr. Al-Azhari would like the return of property if he's innocent. We're reviewing the denial of a motion for an injunction, and that's all we have to review. Yes, Your Honor, and not even on the merits. And we're reviewing that for an abuse of discretion. Your Honor, the only thing that this court is reviewing is the district court's finding that it lacked jurisdiction to decide the motion for relief on the merits. That's it. That is the entire question. Okay, and so then that goes to what was the motion for relief for. It really wasn't to preserve the evidence. It was a motion for relief as to not destroying the property so that you could assert this claim to it. So if we're going to really get down to it, the injunction you wanted related to the property interest, not really as to evidence. Correct? Is that right? Your Honor, that would be a merits question on the injunction, and I would say it related to both. However, that's not the question before this court. The question before. I don't know if the district court's got jurisdiction to go set aside the forfeiture. I don't know if it's got jurisdiction. We're not asking the district court to set aside the forfeiture. We're only asking the district in a pending criminal case. That might have the side benefit in the future of him being able to seek a path to the property's return. But that's not what we're asking for the district court to decide. What you're asking for is a reversal of the district court's denial of that request, which is what we're reviewing for an abuse of discretion. Your Honor, we're not asking for a reversal of that solely on jurisdictional grounds, because that would be the sole differentiation. Well, we'd have to tell him what he's got jurisdiction over. It's not an open-ended thing for you to go back and get all into this same kind of thing. The reason he said he didn't, I'm looking back, why he said he didn't have So, the district court based it on jurisdictional grounds. So, we're asking for a finding that yes, the district court has jurisdiction over evidence in a pending criminal case. Yeah, but that's what your motion was saying. Your motion was saying it has jurisdiction to keep it from being... Respectfully, Your Honor, document 123 at pages 2 and 4, yes, that is what we asked for. Preservation of the evidence in the criminal case during the pending criminal case, and that's solely what we're asking for here, that the finding of the district court had jurisdiction over evidence in a pending criminal case even where it was administratively forfeited. I see my time has expired. All right. I think we have your argument, Ms. Fussell. Thank you. Thank you.